IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARCUS D. WOODSON,            )
                              )
         Plaintiff,           )
                              )
                              )   No. CIV-17-41-D
v.                            )
                              )
CORE CIVIC OF AMERICA, et al.,)
                              )
         Defendants.          )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). With his Complaint filed January 12, 2017, Plaintiff has submitted a Motion for Leave to Proceed *In Forma Pauperis* & Supporting Affidavit. For the following reasons, it is recommended that Plaintiff's Motion be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff's cause of action be dismissed without prejudice unless Plaintiff pays the full $400.00 filing fee within twenty (20) days.

The Prison Litigation Reform Act ("PLRA") was enacted in 1996 in response to "a sharp rise in prisoner litigation in the federal courts," and the PLRA was "designed to bring this litigation under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the PLRA's provisions, codified at 28 U.S.C. § 1915(g), "revoke[s], with limited exception, *in forma*

*pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, 562 U.S. 521, 535-36 (2011).  A dismissal entered with or without prejudice "'counts as a strike so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.'" Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011)(quoting Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999)).

Since at least December 2011, and due to his history of filing civil actions dismissed as frivolous or for failure to state a claim for relief, Plaintiff has been subject to the three-strikes provision of 28 U.S.C. § 1915(g).  See Marcus D. Woodson v. William Barlow, et al., No. CIV-11-1349-D (W.D. Okla. 2011)(Order, December 21, 2011)(DeGiusti, D.J.)(finding Plaintiff is subject to the requirements of 28 U.S.C. § 1915(g)).

Because Plaintiff has at least three "strikes" or "prior occasions" he may not proceed *in forma pauperis* in this action unless he shows he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(quotations, citation, and brackets omitted).  "[V]ague and utterly conclusory assertions" of physical injuries are insufficient. White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." Stine v. U.S. Fed. Bureau of Prisons, 465 Fed. App'x 790, 793 (10th Cir. 2012)(unpublished op.)(internal quotation marks and citation omitted).

In his Complaint, Plaintiff has not made a credible allegation that he is in imminent danger of serious physical injury. He makes only conclusory allegations that he has been subjected to unconstitutional conditions of confinement, that he has been harassed or threatened with a transfer to a higher security facility, and that he subjectively fears for his safety because of the presence of inmate gang members. Plaintiff's allegations in his Complaint that he has previously been disciplined by prison officials by placing him on grievance restrictions, issuing misconducts, or housing him in a restricted housing area do not allege specific facts showing an imminent danger of serious physical injury. Plaintiff's allegations that he has not been provided what he believes to be adequate meals that conform to his religious preferences also fail to present specific facts of a credible, imminent threat to his physical safety. Consequently, Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. # 5) should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. # 5) be DENIED and that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE unless Plaintiff pays the full $400.00 filing fee within twenty (20) days of this date. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by  February 6th , 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.

Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  17th  day of   January  , 2017.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE