IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS D. WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-41-D |
| | ) | |
| CORE CIVIC OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by Magistrate Judge Gary M. Purcell on January 17, 2017 [Doc. No. 6]. Judge Purcell recommends Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. No. 5] be denied and this action be dismissed without prejudice unless Plaintiff pays the full $400.00 filing fee within twenty days. *See* R. & R. [Doc. No. 6] at 1. This recommendation is based on Plaintiff being subject to filing restrictions under the "three strikes" provision of § 1915(g). *See Marcus D. Woodson v. William Barlow, et al.*, No. CIV-11-1349-D (W.D. Okla. 2011) (Order, Dec. 21, 2011 [Doc. No. 8] at 4) (finding Plaintiff is subject to the requirements of 28 U.S.C. § 1915(g)). Plaintiff has timely objected [Doc. No. 7]. The Court, having conducted a *de novo* review,[1] finds that

---

[1] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; 28 U.S.C. § 636(b)(1); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

Plaintiff's Objection should be overruled, his Motion denied, and the Report and Recommendation adopted.

In his Objection, Plaintiff contends that having to forego meals qualifies as imminent danger of serious physical harm that was on-going and occurring at the time Plaintiff's Complaint was filed, and therefore satisfies 28 U.S.C. § 1915(g)'s imminent danger requirement.[2] *See* Obj. [Doc. No. 7] at 2; *see, e.g.*, Compl. [Doc. No. 1] at 8 (stating Defendants "acted deliberately indifferent to [Plaintiff's] health and well[-]being by depriving him of food that was consistent with the practice of the Jewish [r]eligion, and disregarded the imminent threat to his life when he had to forego numerous meals"). However, the imminent danger exception requires Plaintiff to make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Further, "vague and utterly conclusory assertions" of harm are inadequate. *White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).

The Court agrees with Judge Purcell that Plaintiff's conclusory allegations of "unconstitutional conditions of confinement . . . . fail[] to present specific facts of a credible, imminent threat to his physical safety." R. & R. [Doc. No. 6] at 3. Accordingly, Plaintiff's allegations do not satisfy the imminent danger requirement, and Plaintiff is precluded from proceeding *in forma pauperis*.

---

[2] Plaintiff also contends that "[a] complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim under Rule 12(b)(6)." Obj. [Doc. No. 7] at 2. However, the Report and Recommendation makes no such finding, and therefore, the Court will not address that objection.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED in its entirety. Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. No. 5] is DENIED. Plaintiff shall pay the filing fee for this action in the amount of $400.00 within 20 days from the date of this Order. Failure to make full payment by that date shall result in the dismissal of this action without prejudice to refiling.

IT IS SO ORDERED this 15th day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE